## DICKSON CONSTRUCTION AND REPAIR COMPANY ET AL. *vs.* NELSON BEASLEY.

*Workmen's Compensation—Delay in Filing Claim—Waiver—*
*Issues for Jury—Pre-existing Disease—Natural Result*
*of Accident—Instructions—Record on Appeal.*

Delay in the original filing of the claim, beyond the thirty days named in the statute, cannot be asserted, after the claim has been received and allowed, and payments thereon have been made, on an application for continuance of compensation.
p. 572

On an application for compensation for further disability, on account of an injury for which compensation was paid up until May, 1923, *held* that it was proper to refuse issues as to whether the claimant's disability was the result of the injury received by him in the course of his employment, and whether the disease or infection from which the claimant was suffering was the natural result of the injury so received, all the asserted defenses being included in an issue which was submitted to the jury, whether the disability of the claimant subsequent to May, 1923, was the result of the injury received in the course of employment.
pp. 572-574

The question in dispute being whether the disease or infection from which the claimant was suffering, which had an origin in-

dependent of the injury received in the course of employment, was started up or aggravated by the injury so as to disable him, the submission to the jury of an issue merely as to whether the disease or infection was the result of the injury would have been misleading.                                 p. 574

Except in suits for breach of contract, all conditions which naturally and proximately result from a cause, whether contemplated or not, are, for the purposes of the law, treated as coming within the effects of that cause.           p. 575

When disease or infection is so set in motion or aggravated by an injury that disabilities result which would not otherwise have occurred, such disabilities are to be treated as the results of the injury.                                p. 575

The evidence on the question whether the disability of claimant was due to an inactive infection which was started up by the injury received in the cause of employment, or whether it was due to the progress of the infection regardless of such injury, *held* for the jury.                          p. 576

Where there is evidence sufficient for a finding of fact that the disease or infection was previously inactive and was made disabling only by the intervention of the injury, it cannot be contended that the undisputed evidence shows that the extended disability of the claimant was beyond any natural results of the injury itself, and was prolonged only by the infection, and that, therefore, it was the natural result of the infection rather than of the injury.                           p. 576

One cannot continue to receive compensation and at the same time refuse to submit to proper medical or surgical treatment such as an ordinarily reasonable man would submit to in like circumstances.                             p. 577

The refusal to direct a verdict for defendants on the ground that the claimant had unreasonably refused to submit himself to treatment *held* proper, in view of doubt on the testimony as to whether he understood the instructions as to continuation of certain treatment or that he remembered them.      pp. 577, 578

Prayers submitted by the claimant to the effect that aggravation or acceleration by the injury of an existing disease or infection, so as to cause a disability, would make the disability a

natural result of the injury, *held* properly granted in connection with a prayer submitted by defendants which referred to the testimony that the claimant had been instructed to submit himself to further medical treatments and that his disability had resulted from his failure so to do.                    p. 578

The phrase "natural result" in the Workmen's Compensation Act does not mean such result as arises according to the usual course of things, and does not exclude unusual or unexpected processes, so long as the disability for which claim is made is a proximate consequence of the injury.                    p. 579

The practice of printing, in the record on appeal in workmen's compensation cases, all the testimony *in extenso,* both that taken before the Industrial Accident Commission and in the court below, together with reproductions of the forms made out and filed with the commission, with even the headings of the papers, instructions printed on them for filling in, and unfilled blanks, violates Rule 5 of the Court of Appeals, and should be avoided.                    p. 579

*Decided December 5th, 1924.*

Appeal from the Baltimore City Court (DUFFY, J.).

Claim by Nelson Beasley against the Dickson Construction and Repair Company, employer, and the State Industrial Accident Commission, insurer. From a judgment in favor of the claimant, defendants appeal. Affirmed.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, BOND, and PARKE, JJ.

*Edward H. Burke, Assistant Attorney General,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the appellants.

*Robert E. Kanode,* with whom were *G. Tyler Smith* and *Thomas H. Skipper* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The claimant, while at work cutting away a concrete structure near Hagerstown, on June 18th, or 21st, 1922, was struck on his arm and his forehead by a flying piece of the concrete. At the time, there seemed to be only a superficial injury, and, apparently it would have caused little or no disability had the workman not been infected with syphilis. In a short while, an abscess with other diseased conditions in the head, about the point of contact, appeared, and his condition became such that he was disabled from working. On August 17th, 1922, he filed a claim for compensation; and compensation was awarded and paid from the State Accident Fund up to September 17th, 1922, when payments were stopped on the report of the physician for the fund that the man's condition had yielded to treatment so that he could work. In the following May, upon a claim of further disability, the fund paid the claimant a lump sum of money equal to the total amount of weekly payments up to May 9th, 1923. Upon application for further payments, and after a hearing, the Commission ordered, first, that payments should have stopped as of September 17, 1922, but, upon learning that payment had been made later for the full time up to May 9, 1923, the allowance was extended to cover that payment and ordered stopped from that time on. The claimant appealed to the Baltimore City Court and prayed a jury trial on the facts, and, by the jury's answer to an issue submitted on that point, was found to be suffering, since May, 1923, the time of the last payment, from disability resulting from his accident and injury of June, 1922. The employer and insurer have prosecuted this appeal from the judgment in favor of the claimant entered upon that verdict.

At the opening of the trial below the employer and the insurer moved that the appeal be dismissed because of failure of the claimant to file his claim for compensation within thirty days after the beginning of his disability. Section 39 of the Workmen's Compensation Act provides that failure to file within that time shall be a bar to any claim under

the act, "unless excused by the Commission either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason."

The claimant in the present case did not file his claim until about sixty days after the beginning of his disability, thirty days late, and there is no record of acceptance of an excuse by the Commission, or of any consideration at all by it of the delay. But notwithstanding the delay, compensation was awarded and paid for nearly a year's disability, and the bar of the statute is invoked for the first time on an application for a mere continuation of compensation, on a claim already allowed and paid. In our opinion, the litigation has passed the stage at which this bar of the statute may be considered. As we interpret the statute, delay in filing the claim is a fact to be considered on the question of allowance of claim in the first instance, the allowance of any claim on the particular injury, that it is relevant only to the controversy at that stage, and should be litigated then if at all. To take up such a vital objection to the claim after it has once been received and allowed, beyond any possibility of reversal, would be a violation of the principle which lies at the base of the rule *res judicata* (*Oursler* v. *B. & O. R. R.,* 60 Md. 358-367 to 368); and would seem also to be opposed to the further provision of the statute, section 43, for increase or renewal of compensation under conditions subsequently arising without reference to any defect in the preliminary proceedings. We therefore conclude that the motion to dismiss the appeal was properly refused.

Before testimony was taken at the trial the court granted a motion of the employer and insurer, the defendants, to submit these three issues for the consideration of the jury:

1.   Is the disability of Nelson Beasley the result of an injury received by him in June, 1922, in the course of his employment by the Dickson Construction and Repair Company?

2.   Is the disease or infection with which Nelson Beasley is now suffering, the natural result of an injury received by

him in June, 1922, in the course of his employment by the Dickson Construction & Repair Company?

3.  Is the disability of Nelson Beasley subsequent to May 13, 1923, the result of an injury received by him in June, 1922, while in the employ of the Dickson Construction and Repair Company?

But after the testimony was concluded and the prayers for instructions submitted, the court struck out the first and second issues; and we are required to review that action by the appellants' first exception.  Our opinion is that the third issue sufficiently defined the ultimate question of fact to be decided by the jury, and that instead of excluding any of the contentions of the defendants it comprehensively covered them all.  Especially when it is read in connection with the instructions, with which it was submitted to the jury, does it seem to us clear that it did not restrict the defendants unfairly.

The claimant was demanding compensation for further disability from the one alleged injury of June, 1922.  The defenses urged to its allowance were: that there never had been an injury of any importance by a blow on the head; that even if the jury should find such an injury, then the later disability, as well as the original disability, was the natural, proximate result of an old infection rather than of the injury; that even if the earlier disability, up to May, 1923, were due to the supposed injury rather than to the infection, the recurrence or continuation of the disability beyond May, 1923, was due to the claimant's refusal of treatment, and this refusal of treatment is to be taken as the cause; that, still supposing the earlier disability, up to May, 1923, to have been due to the injury, further disability was beyond the duration of any natural results of the injury itself and was prolonged and carried further only by the infection, and because of that fact was the natural result of the infection rather than of the injury.  The question: Is the disability subsequent to May 13, 1923, the result of an injury received in June, 1922? admits of every one of these

defenses, and, as has been said, they were all submitted by the instructions of the court. That being true, there was no error in striking out the additional questions. But, further than this, the first and third issues offered differ only in that the first speaks merely of "the disability" and the third speaks of "the disability subsequent to May 13, 1923," and we do not see that the difference is one of any consequence to the defense. That portion of the disability subsequent to May, 1923, was the direct subject of the jury's investigation, and the insertion of the date does not exclude from consideration any facts relevant of that inquiry. And, again, the second issue, which begins, "Is the disease or infection with which Nelson Beasley is now suffering the natural result of an injury," is objectionable because it fails of its purpose of instructing the jury on the application of the rule regarding causation in a complex situation. Indeed, it would rather mislead the jury. The disease or infection here had, obviously, an independent origin, and the question in dispute is whether it may have been started up or aggravated so as to disable the man. To put to the jury a question merely whether the disease or infection was the result of the injury misses the real question to be decided, according to the ordinary meaning of the words. This issue is framed from the words of the statute, section 63, which define "injury" to include "such disease or infection as may naturally result therefrom." But the real question is too complex to be put before the jury by that formula. *Beale, Proximate Consequences of An Act,* 33 Harvard Law Review, 640. And, in addition, it may be questioned whether this latter part of the definition of injury has reference to disabilities from pre-existing disease or infection rendered disabling by the injury, as distinguished from disease or infection which originates from the injury. For the reason stated, we repeat, we see no error in the action of the court which is the subject of the first exception.

At the conclusion of the testimony the defendants submitted three prayers, that the jury be instructed to answer

"no" to each of the three issues originally allowed, but as two of these were afterwards stricken out, and properly stricken out, as we have held, the third prayer, on the remaining third issue, is the only one of these three prayers to be considered. This was argued on two theories: First, that the evidence showed the injury to have been in itself slight, and such as would not naturally disable the claimant during the extended period for which he now claims compensation; and, second, that the uncontradicted evidence showed that Beasley's failure to take treatment was alone the responsible cause of the later disability. The first theory brings up the question of causal connection of one of two causes or conditions which have contributed to bring about the result inquired into. It is familiar law that, except in suits for breach of contract, in which the court and parties are concerned only with results contemplated by the parties or, so to speak, contracted for by them, all conditions which naturally and proximately result from a cause whether contemplated or not, are, for the purposes of the law, treated as coming within the effects of that cause. And in applying this principle it has been established that when disease or infection is so set in motion or aggravated by an injury that disabilities result which would not otherwise have occurred, such disabilities are to be treated as the results of the injury. *City Passenger Ry. Co.* v. *Kemp*, 61 Md. 74, 619; *Bramble* v. *Shields*, 146 Md. 494. And this has been held true under exactly the same clause in a Workmen's Compensation Act, with respect to injury to a man with a syphilitic infection. *Finkelday* v. *Heide*, 193 N. Y. App. Div. 338; *Borgsted* v. *Shults Bread Co.*, 180 N. Y. App. Div. 229; 19 A. L. R. 95, 104; 48 L. R. A. (N. S.) 119 etc. And see *Crowley's Case*, 223 Mass. 288. In the last mentioned case the court said: "The statute prescribes no standard of fitness to which the employee must conform, and compensation is not based on any implied warranty of perfect health or of immunity from latent and unknown tendencies to disease which may develop into positive ailments if incited to activity through

any cause originating in the performance of the work for which he is hired." This, we think, states the law. And in the present case there is testimony by the workman and by his wife that there was no trace of any such disease before the injury, and physicians testifying in the case add that it is quite possible for a man to have an inactive infection that will never disable him if undisturbed, but which may be started up and made disabling by even a slight injury, and that on the statement of this man and his wife they would consider his disability to have been due to the intervention of the injury to which he testifies. There is, opposed to this, medical testimony that such an outbreak of infection as he had must have been progressing before the injury. But on that the evidence presents a dispute to be settled by the jury. Up to this point we understand the parties to be in agreement on the law. But the appellants argue, further, that even with so much granted, the undisputed evidence in this case is that the extended disability of this man was beyond the duration of any natural results of the injury itself, and was prolonged only by the infection, and, therefore, it was the natural result of the infection rather than of the injury. This, it seems to us, could never be a valid argument in a case in which there is evidence sufficient for a finding of fact that the disease or infection was previously inactive and was made disabling only by the intervention of the injury. For, once it has been determined that this was the fact, then any prolongation of the disability by the infection so started up is still regarded as a prolongation of the effects of the injury. From the principle that the activity of the infection is to be treated as the result of the injury, it must follow that the prolongation of disability by that activity is within the results of the injury. There is, furthermore, an abundance of authority for treating all that follows any aggravation or acceleration of a disease or infection by an injury as the result of the injury. 1 *Schneider, Workmen's Compensation Laws*, 312. But some discrimination may be necessary in cases of trivial injuries, and that may be left to the cases as

they arise. *Borgsted* v. *Shults Bread Co.,* 180 N. Y. App. Div. 229; *Milwaukee* v. *Industrial Commission,* 160 Wis. 238; *Rock Island* v. *Starkey,* 189 Ill. 515. There may be force in the warning remark in the somewhat similar case of *Borgsted* v. *Shults Bread Co., supra,* that "no one has ever suggested that the results of 'specific constitutional infection' which in the present case are considered to be congenital syphilis, constituted a legitimate charge upon the industrial life of the State." We conclude that the defendants' third prayer cannot be supported on the first ground argued.

The second argument for the third prayer was that the uncontradicted evidence showed that Beasley's refusal of treatment alone was the responsible cause of the continued disability. It is true that "a man cannot continue to receive compensation and at the same time refuse to submit to proper medical or surgical treatment such as an ordinarily reasonable man would submit to in like circumstances." *Schiller* v. *B. & O. R. R. Co.,* 137 Md. 235, 246. And the testimony of a physician employed by the State Accident Fund is clear and positive to the effect that Beasley's condition was once cured to the extent that his disability was removed, by the ordinary treatments administered at the government clinic at the South Baltimore Hospital, that treatments at the clinic were free and given in an effort to prevent dissemination of the disease in the community, that a continuation of the treatments would have eradicated the disease and prevented any further disability, and that he instructed Beasley to continue them for two or more years. Beasley's testimony shows that he did not continue them, but it is not clear from what he says that he understood his instructions, or it may be that he did not remember them. He said, in one part of his testimony, that the physician told him that he would be cured by the five or six treatments which he did take. We have concluded that, in this situation, however clear the testimony produced by the defendants on the instructions given and the probability of freedom from further disability under treatment, the court below

could not have said that, beyond any dispute, the claimant had unreasonably refused to submit himself to treatment, and direct the verdict as requested in the defendants' third prayer on that ground. The prayer was, therefore, properly refused.

Two prayers of the claimant for instructions to the jury were granted by the court in connection with a prayer of the defendants. Both of these were to the effect that aggravation or acceleration of an existing disease or infection by the injury, so as to cause a disability, would make the disability a natural result of the injury. They omitted any reference to the testimony that the man had been instructed to submit himself to further medical treatments and that his neglect to do so had resulted in his present disability; but the court granted these prayers only in connection with the defendants' ninth prayer, which added the necessary qualification on that ground. On this latter prayer the jury were instructed that if the disability was so caused by neglect of treatment, it was not a result of the injury within the meaning of the issue submitted to them. Under the circumstances we think the jury were fully and fairly instructed on the subject covered by these prayers, and there was no error in the action of the court on those offered for the claimant. The fourth prayer of the defendants was based upon the delay in filing the claim which had been made the subject of the motion to dismiss the appeal filed before the trial, and it was properly refused, as we think, for the same reasons which required the overruling of the motion. The fifth and sixth prayers of the defendants, like the second issue submitted, put to the jury the question whether the disease and infection with which Beasley suffered was the natural result of the injury. As has already been said, it seems to us likely to confuse or mislead the jury to put to them a question in this form, when their actual inquiry was to be whether the disease or infection which had an independent origin was so started or aggravated as to bring about the disability. And we think the correct meaning of "natural result" in the stat-

ute is not, as these prayers ask the court to instruct the jury, such result as arises according to the usual course of things. Especially in view of the broad purpose of the Compensation Act, to relieve a workman of the greater portion of loss from any disability which the hazards of his work may bring upon him, must we conclude that no exclusion of unusual or unexpected processes was intended, so long as the disability for which claim is made was a proximate consequence of the injury. In other words we construe the term "natural result" in the definition of "injury" and its consequences to intend no more than the natural and proximate result with which the law has long concerned itself in questions of causation. *Bramble* v. *Shields, supra.* And compare *Milwaukee* v. *Industrial Commission,* 160 Wis. 238.

Special exceptions of each side to the granted prayers of the other are disposed of in the discussion already had on the prayers and the evidence to support them; and further discussion would be repetition.

Finding no error in the exceptions taken, the judgment must be affirmed.

We take this occasion to add that the practice of the Bar, exemplified in this case, of printing in the record on appeal all the testimony *in extenso,* both that taken before the Commission and that taken before the court below, together with reproductions of the forms made out and filed with the Commission, with even the headings of the papers, instructions printed on them for filling in, and unfilled blanks, is especially to be avoided in appeals in workmen's compensation cases. There, useless expense may be thrown on workmen, who can stand it the least of all litigants. And, of course, like the records in litigation of other kinds, made up without regard to length, this increases the demand on the reading capacity of judges, and relief in this respect is already urgent. Such records all violate Rule 5 of this Court.

*Judgment affirmed, appellants to pay costs.*