Before State Industrial Board, Respondent.

Parlo Palloni, Respondent, *v.* Brooklyn-Manhattan Transit Corporation, Appellant.

Third Department, March 3, 1926.

**Workmen's compensation — award for hernias — claimant refused operation through fear — all physicians advised operation and it was not dangerous — award reversed to give claimant opportunity to submit to operation.**

An award made to the claimant based on a right inguinal hernia and a scrotal hernia on the left side is reversed, with directions to give the claimant an opportunity to submit to an operation, since it appears from the uncontradicted evidence that an operation will tend to relieve the hernias and enable the claimant to work, and that it will not be at all dangerous in view of the fact that a blood test was taken which showed that claimant's blood was in suitable condition for an operation, and since it appears that the sole ground upon which claimant refused to submit is his fear of the result of an operation which fear is apparently unjustified.

Appeal by Brooklyn-Manhattan Transit Corporation from an award of the State Industrial Board, made on the 22d day of July, 1925.

*George D. Yeomans* [*A. A. Kraus* of counsel], for the appellant.

*Alexander A. Tausky*, counsel, State Department of Labor, and *Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

McCann, J. The claimant was severely burned with hot water. His injuries were confined to a great extent to his legs. One week thereafter he met with an accident which produced a right inguinal hernia and aggravated a pre-existing condition on the left side which was predisposed to a scrotal hernia. The findings are to the effect that both hernias were the direct result of the accident. The only objection raised is that claimant has refused to undergo operative treatment for the relief of both hernias. The findings are to the effect that such refusal was reasonable. When the claimant was first sent to the hospital, he was still suffering from severe burns, which he had sustained the week prior and his condition was such that although he consented to an operation the physicians did not think it was proper at that time to perform it. Four months later, he was advised to have an operation and was told by the referee that unless he consented he could not receive compensation. He was assured at that time by the referee that

he would be relieved of any expense. ·In order to ascertain whether such operation was advisable, the physicians had two Wasserman tests made, one on the blood serum, and one on the spinal fluid. The result of both was negative, and the physicians recommended an operation. .The claimant refused to submit and when asked why he did not submit to the same, answered that he was " afraid; " that he had " two big holes " in his back and he did not know " what for." The referee then explained to him the reason for the blood test and the fact that they had shown his blood to be in suitable condition for an operation, but he still declined to submit, saying, " I betcher they kill me. They won't make operation. Me die." He admitted that his own doctor had recommended an operation and told him that it would be easy. The physician for the employer and also for the Industrial Board recommended an operation to be performed the latter saying that in his opinion it would be dangerous for him to attempt to work without an operation because it might result in a strangulation.

There is but little testimony to show what degree of danger, if any, accompanied an operation for hernia, but there is testimony of three physicians all recommending it, and no proof to show that such operation was fatal or dangerous. In view of the nature of the operation referred to, there was evidently no cause for fear which was the ground upon which the claimant refused to submit and was the ground upon which the referee based his award. There is nothing in the record to show that his experience with the two tests justified his fright.

The attention of the court has not been called to any reported case in this State defining the duty of a claimant with reference to an operation. It has been generally recognized, however, that when such claim arises on.a hearing in compensation court, it is the duty of the court to make a finding as to whether or not the claimant unreasonably refused. This in effect is· a recognition of the fact that if the refusal was unreasonable, compensation should be denied.

This rule is well established in other jurisdictions. In *Mc Nally* v. *Hudson & Manhattan R. R. Co.* (87 N. J. L. 455) the rule is based upon the English law as laid down by Lord M'LAREN in *Donnelly* v. *Baird & Co., Ltd.* (Scotch [1908] Session Cases), as follows: " In view of the great diversity of cases raising this question, I can see no general principle except this, that if the operation is not attended with danger to life or health, or extraordinary suffering, and if according ·to the best medical or surgical opinion the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he

must either submit to the operation or release his employers from the obligation to maintain him."

In the *McNally* case it is further said: "It is true that the question whether a workman reasonably refuses to have an operation performed is one of fact for the trial judge to determine. It cannot, however, be properly said that where it appears, as it does in the present case, that a risk of life is involved, that the refusal of the prosecutor to submit to an operation is unreasonable."

In *Dickson Construction & Repair Co. v. Beasley* (146 Md. 568, 577; 126 Atl. 907, 911) it was held: " 'A man cannot continue to receive compensation and at the same time refuse to submit to proper medical or surgical treatment such as an ordinarily reasonable man would submit to in like circumstances.' " (See, also, *O'Brien v. Albrecht Co.*, 206 Mich. 101; 172 N. W. 601.) That was a hernia case in which all the physicians advised an operation. It was held that compensation ought not to be allowed in a hernia case where there was no danger to be anticipated and reasonable ground for anticipating a recovery. (See, also, *Kricinovich v. American Car & Foundry Co.*, 192 Mich. 687; 159 N. W. 362; *Schiller v. Baltimore & Ohio R. R. Co.*, 137 Md. 235; 112 Atl. 272; *Myers v. Wadsworth Mfg. Co.*, 214 Mich. 636; 183 N. W. 913.)

The question of reasonableness may be one of fact and if so found is binding on this court, but in this case there is no dispute of fact. There is a single question, was unjustifiable fright a reasonable ground for refusal to submit to an operation which had been recommended by physicians representing the claimant, the employer and the Industrial Board, and consequently presumed to be for the best interests of the claimant, especially where there is no proof that such operation is fatal or even dangerous? As a matter of law it must be held that such fright alone was not a reasonable ground for refusal. (4 Wigm. Ev. § 2553; 1 Chamberlayne Ev. § 394.)

The award should be reversed and the matter remitted to the State Industrial Board to give claimant an opportunity to submit to an operation, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, to give claimant an opportunity to submit to an operation.