## ARMOUR FERTILIZER WORKS *v.* E. LEROY THOMAS ET AL.

*Workmen's Compensation — Submission of Issues — Date of Accident — Blood Poisoning — Acceleration by Disease—Improper Treatment of Injury.*

Where the material and decisive inquiry was whether an employee's death resulted from an injury which arose out and in the course of his employment, and an issue to this effect was submitted to the jury, it was proper to refuse an issue as to whether the death resulted from an injury received on a named date, although there was a conflict in the evidence as to the date of the injury.                                        pp. 633-635

That the court allowed a medical witness to be asked a question which omitted from its hypotheses certain material elements was not cause for reversal, it appearing on his cross-examination that he learned these elements from a hospital chart, to which the question referred, and that he considered this information in forming his opinion.                 p. 635

A prayer barring compensation, if the employer's death resulted from blood poisoning which had its origin in his body, *held* properly refused as failing to consider the theory. having support in the evidence, that though the poisoning originated in his body, it was aggravated by an accidental injury arising out of and in the course of employment.            pp. 635, 636

If an accidental injury received by an employee in the course of his employment caused blood poisoning which hastened his death, neither the fact that he had a disease which made him more susceptible to serious results from a slight injury, nor that he himself tried to relieve his pain with a non-sterile instrument, which was partly a cause of infection, nor that the accident occurred at a date prior to that named by the claimants, disentitled the latter to compensation.            pp. 636, 637

*Decided November 4th, 1927.*

Appeal from the Baltimore City Court (OWENS, J.).

Claim by E. Leroy Thomas and Mabel Thomas, by J. Henry Baker, their attorney and agent, on account of the death of James A. Thomas, defended by the Armour Fertilizer Works, a corporation, employer and insurer. From a judgment affirming an award of the Industrial Accident Commission, said corporation appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Rowland K. Adams,* for the appellant.

*Allan H. Fisher* and *Morton P. Fisher,* with whom were *Baker & Orth* and *Fisher & Fisher* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The claim of the dependent children of James A. Thomas, under the Workmen's Compensation Law, alleging that their father died as the result of an accidental injury sustained in the course of his employment, was allowed by the State Industrial Accident Commission, and its decision was affirmed by the Baltimore City Court. The further appeal of the employer presents for review three rulings of the lower court, relating to the form of the issues, the admission of evidence, and the instructions to the jury.

Thomas was employed by the appellant as a scowman at its factory in Baltimore. On January 8th, 1926, he died from the effects of septicaemia resulting from an infection of the big toe of his right foot, which developed gangrene and necessitated the amputation of the lower part of the leg. While the toe which became infected had been sore for some weeks, Thomas continued the regular and active performance of his duties until December 31st, 1925. There is testimony in the record tending to prove that a pick dropped on his toe while he was engaged in his work on that day, and his

attending physician testifies that on January 3rd he discovered on the toe a complete rupture of the skin about three-fourths of an inch in length, of apparently recent origin, through which, in his opinion, the infection entered. The medical evidence proved without dispute the existence of an arterio-sclerotic condition, which made Thomas susceptible to serious consequences from a slight infection. It was the appellant's contention, in support of which expert testimony was produced, that the septicaemia was not caused by infection from an external injury, but had an internal origin resulting from the arterio-sclerosis. According to proof on behalf of the appellant, the fall of the pick on the decedent's toe did not occur on December 31st, 1925, but happened a month or more prior to that time. One of the witnesses testified to a statement by Thomas that his toe was getting well after the pick had been dropped on it, but that it was hurt again by being "bumped" with a bale of bags. There was evidence that Thomas, during the last month of his service, said he had relieved the pain in his toe by cutting it with a knife or razor. Sufficient reference to the evidence has been made to indicate that it involved a definite conflict upon the issue to be determined. There were two trials of the case in the court below, in the first of which the jury were unable to agree. At the second trial the jury found that the death of Thomas resulted from an accidental injury arising out of and in the course of his employment, and in pursuance of that verdict the conclusion of the State Industrial Accident Commission to the same effect was affirmed. The question for present decision is whether the lower court committed any error in its rulings, which requires that the case be remanded for another trial.

The single issue on which the case was tried, as proposed on behalf of the claimants and granted by the court, was whether the death of Thomas was the result of an injury arising out of and in the course of his employment. For the employer, issues were submitted which would have confined the jury to an inquiry as to whether the death was due to an injury sustained on December 31st, 1925. The refusal

of the court to grant issues in that form is the subject of the first exception.

It was not essential to the allowance of the claim in this case that the alleged injury should be proved to have occurred on a particular date. A reference in a submitted issue to a specified date would not be objectionable, if there were no conflict of evidence as to the time of the occurrence of the injury under investigation, and if the question were simply whether an admitted injury was compensable, as claimed, under the statute. This was true in the cases cited by the appellant as precedents for the form of issues which it proposed. *Bramble v. Shields,* 146 Md. 494; *Dickson Construction Co. v. Beasley,* 146 Md. 568; *Slacum v. Jolley,* 153 Md. 343; *Standard Gas Equipment Corp. v. Baldwin,* 152 Md. 321.

In the present case the material and decisive inquiry was whether the death of the employee resulted from an injury which arose out of and in the course of his employment, and that question was properly stated in the issue granted at the request of the claimants. This Court has heretofore had occasion to say that, so far as practicable, only ultimate issues of fact should be submitted to the jury on appeals from decisions of the State Industrial Accident Commission. *Schiller v. Balto. & O. R. Co.,* 137 Md. 235; *Central Construction Co. v. Harrison,* 137 Md. 256. It was held in *Owners' Realty Co. v. Bailey,* 153 Md. 274, that an issue in the form of the one granted in this case was sufficient for the purposes of the real question to be decided, and that the additional issues proposed were superfluous and properly refused. Upon the evidence in this record the jury could find that Thomas died in consequence of an injury arising out of and in the course of his employment, though the injury may have been inflicted on a date earlier than that mentioned in the issues which the employer wished to have granted. The issue offered by the claimants could not properly have been rejected, and the granting of additional issues which sought merely to restrict the inquiry as to time would have presented a needless and inconclusive question. A

negative answer by the jury to the issues which the employer proffered would not have been incompatible with the affirmative answer, given by the verdict, to the issue actually granted by the court. The ruling in regard to the form of the issues was correct.

As shown by the second bill of exceptions, Dr. Stewart, a witness for the claimants, after describing generally the nature and effects of arterio-sclerosis, and stating that he had examined the hospital chart and the notes of the *post mortem* examination in the case of James Thomas, was asked: "Assuming that Thomas was sixty-two years old and assuming that the medical data in this chart is correct, and assuming that he died as stated in this chart, and assuming further that he was struck a blow on his right toe by a pick handle or other instrument, did the gangrene probably result from the accident, this injury, anywhere from two to thirty days before?" An objection to this question was overruled, and the witness replied that the gangrene could have resulted from an injury received during that period of time and that, in his opinion, it did result from such a cause. The question objected to is said to omit from its hypotheses certain material elements, but from the cross-examination of the witness it appears that he learned from the hospital chart, to which the question referred, the elements of fact supposed to have been omitted, and that he considered this information in forming his opinion. This exception presents no ground for a reversal.

The third exception was taken because of the refusal of the employer's third and fourth prayers and the granting of two prayers which the claimants offered. The employer's third prayer requested an instruction that if the jury should find that the death of Thomas resulted from blood poisoning which had its origin within his body and not from some external injury, the answer to the submitted issue should be "No." This prayer failed to give due consideration to a theory of fact, having support in the evidence, which might properly influence the verdict. Even though the blood poisoning may have had its origin in the body of the decedent,

yet if it was aggravated, and its fatal effects accelerated, by an accidental injury arising out of and in the course of his employment, the claimants were entitled to the award which they were defending. *Dickson Construction Co. v. Beasley, supra; Baltimore Dry Docks v. Webster,* 139 Md. 616; *Standard Gas Equipment Corp. v. Baldwin, supra.*

The fourth prayer of the employer proposed an instruction to the jury that they should give a negative answer to the submitted issue if they found that the death of Thomas did not result from an accidental injury arising out of and in the course of his employment, on or about December 31st, 1925, and we have already indicated our view that the issue could not properly have been restricted by such a time limitation.

It was argued that the time of the accident was an important subject of inquiry, and necessary to be mentioned in the instructions, in view of the statutory provision that notice of an injury shall be given to the employer within ten days after the accident, but as to this point it is sufficient for the purposes of our decision to say that the question of notice was not involved in any of the issues which the parties presented.

The exception to the granting of the claimants' first prayer was not pressed in the argument. It was clearly unobjectionable.

By the granting of the second prayer of the claimants, the jury were instructed that if they should find that Thomas was accidentally struck on the toe by a heavy instrument while in the employ of the appellant, and while he was working at his usual task, and that the injury produced a swelling and poisoning of his toe, and that his death was hastened by the poisoning thus caused, then the verdict of the jury should be in favor of the claimants and their answer to the issue should be "Yes," even though the jury might find from the evidence that Thomas was suffering, prior to and at the time of such injury, with a disease known as arterio-sclerosis, and with a diseased and painful foot, and that he cut his toe with a non-sterile knife, and that infection resulted partly

from such treatment, and notwithstanding the jury might find that the accident to his toe occurred in the month of October or November prior to his death. If, as this instruction required the jury to find, before answering the issue affirmatively, the deceased employee had, while doing his usual work in the course of his employment, sustained the described accidental injury to his foot, which caused it to become poisoned and his death to be thereby accelerated, the right of the claimants to the awarded compensation would not be nullified because of any or all of the facts to which the latter part of the prayer hypothetically referred. Neither the pre-existence of a disease which made the employee more susceptible to serious results from a slight injury, nor his crude attempt to relieve his pain, nor the fact that the accident happened at the time indicated in the prayer, which was the earliest period mentioned by any of the witnesses, would disentitle the claimants to compensation, if the primary facts specified in the prayer as essential to the validity of the claim were duly established. While the prayer may be somewhat unusual in form, it could not have been properly refused, as its propositions are not subject to sound legal criticism.

In our opinion the rulings of the lower court involve no error justifying a reversal of the judgment and a remand of the case for retrial.

*Judgment affirmed, with costs.*