REPUBLIC RADIATOR COMPANY ET AL. *v.*
AUSTIN W. MASENHEIMER.
[No. 77, October Term, 1932.]

652

*Decided January 18th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Daniel E. Klein,* with whom was *Paul M. Higinbothom* on the brief, for the appellant.

*Paul Berman,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

In a case under the Workmen's Compensation Act (Code, art. 101), the claimant, Masenheimer, now appellee, applied to the State Industrial Accident Commission for a second reopening of his case to determine whether there had been an increase of disability or impairment from an injury for which he had been compensated; the commission denied his application, and on appeal that action was reversed by the court; and the employer and insurer appeal from that action.

The principal question, as it seems to this court, is whether there was any legally sufficient evidence to support a finding that there had been an increase of disability from the injury after the first award.

Masenheimer was a molder, and had been in the employment of the radiator company seven years. Physicians called by the parties agreed in describing him as a man suffering with spondylitis deformans, an uncommon disease of the spine producing calcification and new bone formation about the lower spine, with some curvature and tilting of the pelvis. It is essentially a chronic and progressive disease, and had been present in this instance for some years before the accident involved in the case, the estimates of its previous duration varying from two to ten years. It must in time result in total disability. While he was at work, and walking backward carrying a weight, he fell and struck the lower end of the spine on a mold sitting on the floor, and the extent to which that accident may have been a cause of disability superimposed upon the existing condition is the subject of controversy. There was evidence that he was able to continue working to some extent. The commission first awarded compensation for a temporary partial disability produced by the accident, and, upon a reopening of the case, awarded, on September 20th, 1930, further compensation for temporary total disability at the rate of fourteen dollars per week for one and one-third weeks, and for permanent partial disability thereafter awarded fourteen dollars per week for seventy-one and three-sevenths weeks, not to exceed in the total $1,000. The compensation for permanent partial disability was awarded, as the commission stated, in accordance with the clause of section 36 of the act providing for "Other Cases." On July 16th, 1931, shortly prior to the conclusion of the payments, Masenheimer made the application to the commission for the second reopening, as stated, to determine the nature and extent of his present disability, claiming an increase of disability since the making of the award by the commission in September, 1930; the application was denied

after testimony taken; and it is from the reversal of that action that the present appeal is taken.

The physicians, in their first testimony before the commission, that is, in 1930, while agreeing that the man was suffering from the chronic condition described, disagreed on the possibility of aggravation, or of disability in any degree, as a result of the injury. A physician called by the claimant testified that there would be aggravation or acceleration of the condition, explaining that the reason for his saying so was that a blow, like a fracture, produces callous in the part struck, in this instance a part already affected by diseased growth. By aggravation or acceleration was meant, evidently, that the supposed callous would be an obstruction which, added to that from the existing disease, would serve to disable the man permanently. The testimony was therefore not that there would be aggravation or acceleration of the existing cause of disability, as in the case of *Bramble v. Shields,* 146 Md. 494, 127 A. 44, and *Dickson Construction & Repair Co. v. Beasley,* 146 Md. 568, 126 A. 907, and other similar cases. The disease as a disabling cause was apparently not aggravated or accelerated at all, but left to work its effects in its own time. The testimony was, in substance, that the man received another independent obstruction in or near the part affected by the disease. The witness could not say how much callous the blow would cause. There was no fracture. The man would be deformed irrespective of the blow.

On the taking of testimony on the application for a second reopening, this physician repeated his description of the disease, and its consequences, and said he thought there was some loss of motion in the man since the making of the award in 1930, and that he was not able to work so well, but, when questioned on the possibility of causal connection of the blow in 1930 with the further progress of the condition, said he could not say how much the condition would have progressed if there had been no accident. "I do not know what he would have done if he had not had the accident." Other physicians denied that there would be any connection.

In the opinion of this court, this falls short of legally suffi-
cient evidence to support a finding that any further progress
on the man's condition, or further disability, was in fact
caused or contributed to by the injury, and, lacking that find-
ing, the conclusion of the commission should have been up-
held. The employer and insurer prayed the court on the
appeal below to direct the jury sworn in the case to answer
accordingly, but the prayers were refused. In that we think
there was error.

It has been settled that disability caused by aggravation or
acceleration of an existing disease may be compensable.
*Bramble v. Shields,* and *Dickson Construction Co. v. Beas-
ley, supra; Standard Gas Equipment Corporation v. Bald-
win,* 152 Md. 321, 136 A. 644; *Armour Fertilizer Works v.
Thomas,* 153 Md. 631, 139 A. 356; *Cambridge Mfg. Co. v.
Johnson,* 160 Md. 248, 153 A. 283; and review of decisions,
60 *A. L. R.* 1299. But this does not mean that an injury
which has contributed, not to the disease, but to the disability
to which the disease also is contributing, shall thenceforth
be taken as a cause of all further consequences of the disease.
All the consequences of the blow from the fall appear to
have been compensated for on the first reopening of the case,
and the compensation has been paid. There was no evidence
then that the supposed callous from the blow might grow,
and, so far as common understanding might be relied on, it
would rather lead to the conclusion that such a thing would
not grow. And there was no testimony that the callous
might be a factor in the expected advance of the disease and
its disabling effects from that time on. On the application
for a second reopening, when some increase of disability
was said to be evident, there was still no testimony that the
blow might be a factor in the increase, but, on the contrary,
the statement of the physician that he did not know how the
condition would have progressed if the man had not had the
accident would cast doubt on the conclusion that the injury
and consequent formation of callous were factors in any
degree in the condition of the man at the time of the appli-
cation for the second reopening. There was therefore no

ground for a reopening of the case on the injury, and, for the error in refusing to direct the jury to answer accordingly, apart from other questions argued and on which we announce no decisions in this case, the judgment appealed from must be reversed. See *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256; *Luckenbill v. Phila. & R. Coal & Iron Co.*, 93 Pa. Super Ct. 438.

> *Judgment reversed and case remanded that an order may be passed in accordance with this opinion, with costs.*