Foster, P. J.
A reargument has been allowed in this case. The appeal was from an award for reduced earnings made to claimant by the Workmen’s Compensation Board. The point at issue was whether claimant’s refusal to undergo an operation for the removal of his left testicle was unreasonable. The board held that his refusal was not unreasonable and this court affirmed the award based on this finding.
A further examination of the record convinces me that our decision was erroneous. It is well settled that a claimant may not reasonably refuse to undergo an operation that is not attended with danger to life or health and which, according to the unanimous medical opinion in the case, is indicated to relieve his disability (Matter of Palloni v. Brooklyn-Manhattan Transit Corp., 215 App. Div. 634; Matter of Tillow v. Daystrom Corp., 273 App. Div. 1045).
In this case every physician who testified advised the operation. It was described as a rather common surgical treatment, attended by no great danger to life or health, and one which would not interfere with claimant’s natural functions. Against this there is only the fear expressed by claimant that the result of such an operation could not be guaranteed. In its memorandum decision the board held that because of claimant’s age (sixty-three) he was justified in refusing to undergo the operation. There is no evidence whatever to sustain this view, in *624 fact the evidence is distinctly and positively to the contrary. On this state of the record there was no issue of fact before the board, and hence the adoption of its own lay view was erroneous as a matter of law.
Our previous affirmance should be vacated and set aside, and the award should be reversed, without costs, and the matter remitted to the Workmen’s Compensation Board with a direction to suspend the payment of compensation to such date as claimant submits to the operation recommended.
Bergan and Deyo, JJ., concur; Heffernan, J., dissents, in the following memorandum in which Coon, J., concurs: I dissent and vote to affirm the decision and award of the Workmen’s Compensation Board. On April 20, 1944, claimant sustained accidental injuries in the nature of a left inguinal hernia arising out of and in the course of his employment. He submitted to an operation on January 10, 1945, which was not entirely successful. At the time of the injuries claimant was sixty-three years of age and he is now sixty-nine. He was awarded and paid compensation to May 9, 1946. On this appeal appellants’ only contention is that the board’s determination should be reversed because claimant has refused to submit to another surgical operation designed to relieve his disability. There is medical proof in the record that claimant’s refusal is unreasonable. That conclusion is merely based on tie opinion of certain physicians which the board was not bound to accept. The nature of claimant’s injuries, its history, the character of the operation to be performed, all taken in connection with claimant’s age, justify claimant in refusing to undergo such an operation and the board correctly held that such refusal is not unreasonable. Essentially the question presented is one of fact and we are not warranted in disturbing the determination of the board. The two cases cited in the prevailing opinion (Matter of Palloni v. Brooklyn-Manhattan Transit Corp., 215 App Div. 634; Matter of Tillow v. Daystrom Corp., 273 App. Div. 1045) are clearly distinguishable. In each case claimant refused to undergo an operation simply because of fear on his part. We are confronted with an entirely different situation here. There is no assurance that the proposed operation would relieve claimant’s difficulty.
Award reversed, on the law, without costs, and the matter remitted to the Workmen’s Compensation Board with a direction to suspend the payment of compensation to such date as claimant submits to the operation recommended.