## CONGOLEUM NAIRN, INC., *v.* CHARLES BROWN.

[No. 69, October Term, 1929.]

*Decided January 14th, 1930.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, and Digges, JJ.

*Guy W. Steele* and *William D. Macmillan,* with whom was *Harold Tschudi* on the brief, for the appellants.

*Linwood L. Clark* and *Solomon B. Levin,* with whom was *Theodore F. Brown* on the brief, for the appellee.

Bond, C. J,. delivered the opinion of the Court.

Brown, the appellee, was awarded by the State Industrial Accident Commission compensation for permanent partial disability from the severance of the whole of the third and fourth fingers, and two-thirds of the second finger, of his right hand. And, on appeal by him, the action of the commission was reversed, and compensation was allowed for permanent total disability as a consequence of the combined effect of this last injury and another one sustained to his other hand four years earlier. The appeal of the employer and insurer to this court presents for review an exception to the allowance by the trial court of an issue framed by the claimant to be .submitted to the jury, and an exception to rulings of the court on prayers for instructions; and there is also a motion in arrest of judgment on the ground of inconsistency between the issues and the verdict.

The claimant was a man sixty-two years of age. Thirty-eight or forty years ago he had lost the lower part of one leg, below the knee joint, and he wore an artificial portion of leg in its place. In May, 1924, while working for the same employer, Congoleum Nairn, Inc., he lost the index finger

and second finger from his left hand, and he received compensation for permanent partial disability resulting from that loss. His most recent accident was in June, 1928. And, as has been said, he was awarded by the commission compensation for permanent partial disability resulting from it, and, by the trial court, compensation for total disability. At the hearing in court, physicians testified that the right hand, last injured, was still useful for some pursuits, which they specified; and Brown, on the other hand, testified that the fingers remaining were stiff and of no practical use, and that, besides, in view of his maimed condition and his age together, further employment was practically unobtainable.

The objection to the contested issue submitted to the jury, and that to a first prayer of the claimant's which was granted, are the same. The issue, the claimant's eighth, was whether the injury to the right hand rendered him totally incapacitated from performing "such work as he was accustomed and qualified to perform, at the time of the accident." And on his first prayer the jury were instructed that they might find the permanent total disability referred to in the eighth issue if they found that previous to the last accident the claimant was able to do the regular work assigned to him, but after that accident "was totally and permanently incapacitated to do said work or any other work that he was accustomed and qualified at the time of the accident to perform." The objection is that total disability in the Compensation Act means incapacity to do further work of any kind, not only of the kind he was accustomed and qualified to perform at the time of the accident, as the issue and the prayer assumed. And we think the objection well taken. The statute, Code, art. 101, sec. 36, does not contain in terms the addition or qualification to the total disability provided for. In respect to permanent partial disabilities other than those specified, the compensation is, by the express terms, to be measured by subsequent wage-earning capacity "in the same employment or otherwise"; and it seems unlikely that a different measure, or only wage-earning capacity in the same employment,

should be intended for total disability. If it should be, then ability which was merely reduced by the accident might be taken as totally lost, and a workman who still possessed a high degree of capacity might be entitled to compensation for total disability because no longer capable of performing the kind or grade of work he was previously capable of performing. Or, in this particular case, the claimant, although he may have been considered by the jury as able to perform the duties of some occupations as testified, was, under the instruction, to be compensated as totally disabled if the work for which he was previously qualified was of a higher grade or materially different in other respects. In the opinion of this court that was not the purpose of the compensation statute. *Downey, Workmen's Compensation,* 43; *Schneider, Workmen's Compensation,* 1046; *Grammici v. Zinn,* 219 N. Y. 322; *Myers v. Louisiana Co.,* 140 La. 937; *Connelly's Case,* 122 Me. 289; *Leitz v. Labadie Co.,* 211 Mich. 565. Error is therefore found in the trial court's rulings on this point.

The eighth issue having been granted, and evidence having been taken on it, the employer and insurer objected that the evidence was not legally sufficient to enable the jury to find the total disability supposed, and that therefore the issue must be answered, "No." The claim for a classification of total disability as a consequence of the loss of fingers in 1924 and in 1928, combined, is based in argument on the provision in the Code, art. 101, sec. 36, that "loss of use of both hands * * * shall, in the absence of conclusive proof to the contrary, constitute permanent total disability." And the objection to the classification in this case is, more specifically, that the undisputed evidence showed the use of neither hand had been lost, and that, if the use of both had been lost, the results of the two accidents in which the losses occurred could not be combined to form a loss from the later accident for which compensation is now to be made. A prayer of the employer and insurer marked "A" asked an instruction that the jury must answer "No" to the claimant's eighth issue, be-

cause on the undisputed evidence there was some use left in the right hand, and a fourth prayer requested that the same answer to the issue be directed because there was no legally sufficient evidence to show that the claimant suffered any injury on the date of the last accident to render him totally and permanently disabled.

While there was evidence of some usefulness left in the right hand, and testimony that the claimant could still engage in some employments with his thumb ·and forefinger, this court is of opinion that the question of ability would fairly admit of another answer, from the knowledge which a ·jury would possess of the value of such a mutilated hand. The jury might well, we think, adopt the conclusion that its usefulness is so diminished that it would not be considered by employers as useful at all for a money-making occupation. And as to the left hand, with its thumb and last two fingers remaining, the claimant testified that its usefulness in this condition was in conjunction with the whole right hand, and, therefore, even though the commission, at the time of the earlier accident, adjudged that hand to have been only partially disabled, we cannot say that with the right hand now maimed as it is the practical usefulness of the left must continue in some degree. Both of the hands are so maimed, and their power to grip seems to have been so far reduced, that in the opinion of this court it was proper to submit to the decision of the jury the question whether the use of both had been totally lost. "It is enough that he is unable to follow an ordinary gainful occupation" with them. *Downey, Workmen's Compensation,* 43. "We have no doubt, however, that where the loss or injury to fingers and thumb results in permanent loss of the use of the hand in the practical every day work of the individual, the commission is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual and it should not be construed to work an injustice in a case such as is here presented." *Rockwell v. Lewis,* 168

App. Div. 677, 154 N. Y. Supp. 893; *Donohue v. McKaig Hatch, Inc.,* 223 N. Y. 572. And see note *Ann. Cas.* 1915B, 1000; *Myers v. Lousiana Co.,* 140 La. 937, 947. Therefore we conclude that a finding of fact that the claimant is now totally disabled is one that the court cannot reject as unsupported.

The question whether the combined consequences of the two accidents can, for compensation under the statute, be taken as a result of the later accident, must, it seems to us, rest upon a basis broader than that taken for it in argument. The statute does not limit compensable total disability to that which might result from loss of both hands, or loss of use of both hands. It specifies those and a few other injuries as constituting total disability in the absence of proof to the contrary, and then recognizes the possibility of total disability by reason of other injuries in providing that, "in all other cases permanent total disability shall be determined in accordance with the facts." And this seems to leave, as the final question in this case: whether a present injury, which would on a whole man entail only a partial disability, is, when it deprives an impaired man of all his remnant of capacity, to be compensated under the statute as one entailing total disability? It is a question new in this court, and one of which the courts of other jurisdictions and compensation commissions have taken different views. The differences are to some extent the results of different statutory provisions. See review of decisions in notes, 8 *A. L. R.* 1326, and 24 *A. L. R.* 1467. And see *Noden v. Galloways, Ltd.* [1912], 1 K. B. 46, 51. We are informed in argument that the State Industrial Accident Commission of Maryland has always taken the view that the legislature intended them to allot compensation according to present bodily injuries specified and scheduled in the act, without regard to consequences of the injuries to particular employees because of previously impaired condition. Such a settled practical construction in administering the law must have weight with this court; and there is some room for the argument that the statutory sched-

ule of injuries, and the specific nature of the act generally, evince an intention to furnish in the act itself, as far as possible, all data for its administration, without leaving variable, unpredictable elements to be settled by litigation. The act does not contain any provisions explicitly settling the question now considered. And in the specification of various bodily injuries and the compensation for each one, under the head of "Permanent Partial Disability," there seems to be nothing to exclude a classification of the results of an accident as permanent total disability, if to a particular workman there should be a total disability. After weighing the arguments on both sides, this court adopts the construction that the consequences to the particular workman determine the degree of disability, so that if an injury deprives him of all the capacity he has left after a previous accident, that result might be classed as total disability from the injury. And, as has already been said, we have concluded that a jury might find in this case that the claimant was in fact so totally disabled. We find no error therefore in the rulings on the prayers in this respect.

The motion in arrest of judgment was based on a supposed inconsistency between the answers to the claimant's eighth issue, submitted to the jury, and the employer and insurer's second. Other general reasons stated in the written motion appear in the argument to cover the same ground. The claimant's eighth issue, as has been seen, submitted the question whether the injury to the claimant's right hand rendered him totally permanently incapacitated from performing such work as he was accustomed and qualified to perform at the time of the accident. And to that the jury answered, "Yes." The employer's second issue submitted the question whether Brown had after the last accident some use of his right hand. And to that, too, the jury answered, "Yes." But, in the view we take, upon reason and authority, that the jury might find a reduced capacity of a man in such maimed condition to amount to total incapacity for money earning, there is no inconsistency between findings of total

incapacity as a result of injury to the hand, and of some usefulness remaining in that hand. We find no error in the denial of the motion.

For the error found in the eighth issue of the claimant and his first prayer, however, we are constrained to reverse the judgment.

*Judgment reversed and a new trial awarded, with costs to the appellant.*