BATA SHOE CO., ET AL. *v.* JOSEPH CHVOJAN, INSURER

[No. 87, October Term, 1946.]

*Decided March 18, 1947.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Jesse Slingluff, Jr.,* and *John S. Bainbridge,* with whom was *Brodnax Cameron* on the brief, for the appellants.

*Paul Berman,* with whom were *Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Harford County affirming a decision of the State Industrial Accident Commission. The Commission found that "as a result of the accidental personal injury of May 24, 1945, the claimant sustained a permanent partial disability resulting in 100 per cent. loss of use of his right arm," and that "the employer and insurer had no waiver from the claimant pertaining to his permanent partial disability resulting from a previous accident." The Commission ordered that compensation for temporary total disability terminate as of August 6, 1945, and that the employer and insurer pay "compensation for permanent partial disability at the rate of $18.00 per week, payable weekly, for the period of 212 weeks beginning on August 7, 1945," a total of $3,816. On appeal from this decision, the case was tried before the court, without a jury, on an agreed statement of facts. The appellant filed three motions requesting the court to apportion the claimant's present disability between that resulting from a prior injury to his right hand and that resulting from the subsequent injury to his right arm. All three motions (which presented varying theories of apportionment) were overruled, and judgment was entered affirming the Commission's order.

On November 27, 1939, the claimant sustained an injury to his right hand, involving the loss of four fingers, while employed by the Bata Shoe Company. Claim for compensation was filed, and on May 28, 1940, an award was made allowing him 150 weeks at $8.40 per week, a total of $1,260, for 100 per cent. loss of use of his right hand. The award was paid in full. The claimant returned to work for the Bata Shoe Company as soon as the temporary total disability caused by this injury ceased.

On May 25, 1945, the claimant sustained a second injury to his right arm. Temporary total disability was awarded and paid until August 6, 1945, when he returned to work. On May 29, 1946, the Commission made the award appealed from. It is stipulated that the dis-

ability from the second injury alone amounts to 75 per cent. permanent loss of use of the claimant's right arm, without considering the pre-existing loss of use of his right hand. In other words, it is agreed that while the present injury amounts to 100 per cent. loss of use of the arm, only 75 per cent. of such loss is attributable to the accident in 1945. The remaining 25 per cent. loss of use of the arm is attributable to the 100 per cent. loss of use of the hand in the accident in 1939.

The apportionment provision of the Compensation Law (Code, Art. 101, Sec. 35, as amended by Laws 1945, c. 335) provides: "* * * Whenever it shall appear that any disability from which any employee is suffering following an accidental injury, is due in part to such injury, and in part to a pre-existing disease or infirmity, the Commission shall determine the proportion of such disability which is reasonably attributable to the injury and the proportion thereof which is reasonably attributable to the pre-existing disease or infirmity, and such employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident, and shall not be entitled to compensation for that proportion of his disability which is reasonably attributable to the pre-existing disease or infirmity. * * *" In an earlier portion of this same section it is provided: "* * * Whenever any person who has suffered the loss, or loss of use of a hand, arm, foot, leg or eye, shall enter into a contract of employment, it shall be permissible for the employee to waive in writing, either in the contract of employment, or by a separate written instrument, any right to compensation to which he would be entitled because of the pre-existing permanent partial disability, in the event of subsequent accidental injury, and in such cases the employee so suffering an additional accidental injury, shall be entitled to the compensation for the disability resulting solely from such additional accidental injury. * * *"

Both of these provisions were first introduced into the Compensation Law in 1931 (ch. 363, Acts of 1931). It

was conceded in argument that they were probably inspired by the decisions of this Court in *Dickson Construction & Repair Co. v. Beasley,* 146 Md. 568, 126 A. 907, and *Congoleum Nairn, Inc. v. Brown,* 158 Md. 285, 148 A. 220, 67 A. L. R. 780. In the Beasley case, it was held that recovery could be had for a disease or infection set in motion or aggravated by injury, while in the Brown case it was held that if an injury deprived a claimant of all the capacity he had left after a previous injury, the result should be classed as total disability from the injury.

The appellee contends that there is no showing in the case at bar that any part of the disability is due to a pre-existing "disease or infirmity," because the word "infirmity," as used in the statute in conjunction with the word "disease," was not intended to include disability or loss of use of any of the extremities or eyes. Stated more broadly, the contention is that "infirmity," if not synonymous with "disease," refers to a condition other than one resulting from an accidental injury. Upon this premise, it is argued that the apportionment provision is inapplicable, and since there was no waiver taken, the waiver provision is likewise inapplicable.

The appellant contends, on the other hand, that the pre-existing disability was an "infirmity," so that the apportionment provision is applicable, and that the waiver provision only applies (1) where there is a new employment, as distinguished from a continuance in the employment of the same employer, or (2) where the prior injury was uncompensated.

We think the decision in the case at bar is controlled by the recent case of *Paul v. Glidden Co.,* 184 Md. 114, 39 A. 2d 544, 546. In that case the claimant had had a prior accidental injury in which he lost the first and second fingers of his left hand. In a second injury, which occurred after he had entered the employ of the Glidden Company, he lost the third and fourth fingers of the same hand. As a result of the last accident, he suffered permanent partial disability of the hand. No waiver had

been taken. In holding that the claimant was entitled to compensation for the partial disability resulting from both accidents,, this Court pointed out that the waiver provision was predicated upon liability, in the absence of waiver for the disabilities therein specified as distinguished from "other disabilities which may be due to prior accidents or infirmities." The Court said: "It would seem a necessary corollary (to the waiver provision) that if the waiver were not obtained, the employee would be entitled to compensation for his entire disability. There seems to us no difficulty in construing the two sections together in this way." The decision was not based upon a construction of the word "infirmity" that would exclude accidental means, but upon the narrower ground of necessary implication to be drawn from the waiver provision. The decision was clearly foreshadowed in the earlier case of *Kraushar v. Cummings Construction Corp.*, 180 Md. 486, 25 A. 2d 439.

We find no merit in the attempted distinctions of the appellant. The phrase in the waiver provision "whenever any person * * * shall enter into a contract of employment," would appear to be equally applicable to a resumption of prior employment by the same employer, as to employment by another. In the case of workmen for wages, formal written contracts are not customarily executed, and the provision expressly recognizes that the written waiver may be in a separate instrument. In the Kraushar case, *supra,* cases in other jurisdictions were cited, in which the second injury occurred in the same employment. It was not suggested that this would affect the result. *Chicago Bridge & Iron Co. v. Industrial Comm.*, 316 Ill. 622, 147 N. E. 375; *Shaughnessy v. Diamond Iron Works*, 166 Minn. 506, 208 N. W. 188; *Justice v. Arkansas City Flour Mills Co.*, 147 Kan. 402, 76 P. 2d 802; *Warheim v. Melrose Granite Co.*, 161 Minn. 275, 201 N. W. 543. If, as was suggested in argument, the waiver provision was designed to enable partially disabled persons to obtain employment, the same purpose would be served by enabling such persons, who

might otherwise be laid off, to continue in their employment. The employer is necessarily informed of the nature and extent of the injury, and is in a better position to insist on a waiver than a new employer, who would only be put on notice by the fact that impairment of the specified members is usually apparent or can be readily detected.

The fact that a claimant, who receives compensation for both a first and a second injury, may ultimately receive more than the maximum compensation allowable for a single injury, is not material. The Compensation Law fails to meet the test of logical consistency in many respects. It could hardly be otherwise, for the original Act was not constructed on any system of scientific classification, and subsequent amendments have been directed chiefly towards modification of particular details. It is our duty to construe the Act, not to revise it. As was said in *Congoleum Nairn, Inc. v. Brown, supra* [158 Md. 285, 148 A. 222], "the statutory schedule of injuries, and the specific nature of the act generally, evince an intention to furnish in the act itself as far as possible all data for its administration * * *. After weighing the arguments on both sides, this court adopts the construction that the consequences to the particular workman determine the degree of disability, so that if an injury deprives him of all the capacity he has left after a previous accident, that result might be classed as total disability from the injury." By a parity of reasoning, we hold that where a second injury results in a total loss of use of an arm, the fact that its use was previously impaired need not be taken into account, even though compensation has been paid for the prior injury. In this instance, as in some other instances, the second allowance is cumulative. Compare *Gorman v. Atlantic Gulf & Pacific Co.*, 178 Md. 71, 12 A. 2d 525; *Jackson v. Bethlehem-Fairfield Shipyard*, 185 Md. 355, 44 A. 2d 811; *Howard Contracting Co. v. Yeager*, 184 Md. 503, 41 A. 2d 494. In any event, the question is controlled by our previous decisions.

*Judgment affirmed, with costs.*