BOSLEY AND MARYLAND CASUALTY COMPANY *v.* JACKSON, ADM'X OF THE ESTATE OF MALCOLM CLARK

[No. 276, September Term, 1967.]

---

1. Code (1968 Repl. Vol.), Art. 5, Sec. 21, provides for a review by certiorari in stated circumstances which are not here present.

402

*Decided July 1, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Alfred M. Porth*, with whom were *Robert E. Cadigan* and *Theodore B. Cornblatt* on the brief, for appellants.

*Joseph I. Pines*, with whom was *Allan Heneson* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City where Judge Byrnes, sitting without a jury, affirmed a decision of the Workmen's Compensation Commission ruling that on the facts of this case apportionment was not required as a matter of law.

The Commission found, *inter alia,* that the claimant, Malcolm Clark, on July 13, 1962, sustained an accidental injury arising out of and in the course of his employment; that he was temporarily totally disabled from July 14, 1962 to May 27, 1963, and had since become permanently totally disabled; and that the employer and insurer were liable for the payment of all medical and hospital expenses resulting from the accidental injury. On October 14, 1964, the Commission issued an order that the employer and insurer pay the claimant compensation for temporary total disability at the rate of $45.82 weekly for the period beginning July 14, 1962, and ending May 27, 1963, and to further compensate him for permanent total disability at the rate of $45.82 weekly beginning May 28, 1963, not to exceed the sum of $30,000, and also that they pay all hospital and medical expenses incurred by the claimant as the result of his accidental injury.

During the pendency of an appeal to the Superior Court of Baltimore City from the decision of the Commission, the claimant died, and the appellee here, Mabel Jackson, was appointed administratrix and substituted as a party in the proceedings.

At the time the injury occurred, the claimant had been employed as a truck driver by the appellant Bosley, for a period of fifteen years. At this time he was fifty-three years old and had been employed as a laborer or truck driver during his entire adult life.

On the day of the accident, the claimant was hauling hot asphalt and while in the process of delivering a load he had climbed onto the truck body, as he was required to do, for the purpose of removing a piece of canvas weighing thirty-five to forty pounds used to cover the hot asphalt. The canvas was caught on the truck body necessitating extra exertion on the claimant's part to free it and before he could remove it completely he became dizzy and had to get down from the truck. The claimant continued to be dizzy, have trouble with his vision, and feel bad, and when he finally got the load dumped he picked up an extra driver and went back to his place of employment where he was told to go home. He then went to Maryland General Hospital where he was given some pills and told to see his family doctor. The next day the claimant was feeling

worse and went to a Dr. Davis, who diagnosed the claimant as having had a stroke. This was on Saturday and by Monday the claimant was paralyzed and had to be hospitalized. He never returned to work after the accident.

The appellant employer and insurance carrier appealed, claiming that the claimant suffered from a pre-existing disease or infirmity which caused or contributed to his disability, requiring the award of the Compensation Commission to be apportioned. We agree with this contention.

The *sole* medical testimony in the case was by Dr. Neal Aaronson, a qualified neurosurgeon, who examined the claimant on May 27, 1963. He testified that the claimant was a tall, muscular man who was severely paralyzed. He said that his examination showed that the claimant was severely hypertensive and suffering from arteriosclerosis and an enlarged heart. He stated that with these conditions present, the heat coming from the hot asphalt on a hot day, along with the exertion of removing the canvas, could have precipitated the stroke but that it could also have occurred while the claimant was in bed asleep, after a heavy meal, or climbing the stairs in his own home. It was his belief that with the advanced stage of the claimant's disease he could have had a stroke at any time.

Code (1957), Article 101, Section 36 (7) in pertinent part provides as follows:

> "*Apportionment of permanent disability due in part to pre-existing disease or infirmity.* — Whenever it shall appear that any permanent disability from which an employee is suffering following an accidental injury, is due in part to such injury, and in part to a pre-existing disease or infirmity, the Commission shall determine the proportion of such disability which is reasonably attributable to the injury and the proportion thereof which is reasonably attributable to the pre-existing disease or infirmity, and such employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident and shall not be entitled to compensation for that proportion of his disability which is rea-

sonably attributable to the pre-existing disease or infirmity. This subsection shall not apply to temporary total and temporary partial disability."

The appellee contends that the issue of whether the claimant's injury was due in part to a pre-existing condition is for the trier of fact and that therefore the decisions of the Commission and of the Superior Court of Baltimore City must be affirmed. While this is ordinarily true, there was, in the instant case, uncontradicted testimony by the only medical expert who testified that the claimant's injury was due in part to a pre-existing disease or infirmity.

We have held in the past that the apportionment section of the Workmen's Compensation Act is applicable when a pre-existing disease or infirmity has caused or contributed to an accidental injury and that the claimant shall be compensated for only that part of his injury not attributable to the pre-existing condition. *Bethlehem Steel Co. v. Munday,* 212 Md. 214, 129 A. 2d 162; *Bethlehem Steel Co. v. Ruff,* 203 Md. 387, 101 A. 2d 218; *Cabell Con. Blk. Co. v. Yarborough,* 192 Md. 360, 64 A. 2d 292. In light of the uncontradicted testimony of Dr. Aaronson there was no question that the claimant had a pre-existing disease or infirmity that caused or contributed to his injury. Therefore, the commission and the lower court were clearly erroneous in not applying Section 36 (7) of Article 101 in awarding compensation for permanent total disability and consequently the judgment will be neither affirmed nor reversed and the case remanded so that the award of compensation can be apportioned in compliance with the provisions of the statute.

> *Judgment neither affirmed nor reversed and case remanded for further proceedings in accordance with this opinion. Costs on this appeal to be paid by appellee.*