## SUBSEQUENT INJURY FUND *v.* SIDNEY COMPTON ET AL.

[No. 107, September Term, 1975.]

*Decided November 4, 1975.*

The cause was argued before ORTH, C. J., and POWERS and MELVIN, JJ.

*Dennis M. Andreone, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *H. George Meredith, Jr., Special Assistant Attorney General,* on the brief, for appellant.

*Glenn C. Parker,* with whom were *Theodore B. Cornblatt* and *Smith, Somerville & Case* on the brief, for appellees.

MELVIN, J., delivered the opinion of the Court.

As in *Reliance Insurance Company v. Watts,* 16 Md. App. 71, this Workmen's Compensation appeal presents for our resolution a dispute between the claimant's employer and insurer (appellees) and the Subsequent Injury Fund

(appellant) concerning what proportion of an award for permanent total disability each should pay.

The genesis of the dispute was an order of the Workmen's Compensation Commission, dated August, 1962, determining that as a result of an accidental injury occurring on February 4, 1961, the claimant, Sydney Compton, "sustained a permanent partial disability resulting in 40% loss of use of his left hand and 15% loss of use of his right hand and a permanent partial disability under 'Other Cases' amounting to 25% industrial loss of use of his body as a result of the injury to his back".

On November 29, 1966, Compton was again involved in an accident on the job. In this accident he sustained serious injuries to his left ankle, left shoulder and left arm when a truck he was unloading from a trailer fell off the top of the trailer. By an order dated December 20, 1968, the Commission decided:

1) Compton was *permanently partially* disabled under "Other Cases" (Md. Code, Art. 101, § 36 (4)), amounting to 80% industrial loss of use of his body, for which he was awarded an aggregate sum of $21,320.00.

2) 65% of the claimant's permanent partial disability was attributable to the November 29, 1966 accident and the employer and insurer were ordered to pay $13,858.00, representing 65% of the total award.

3) 35% of the claimant's permanent partial disability was attributable to "a pre-existing condition" (i.e., the residual effects of the February 4, 1961 accident) and the Subsequent Injury Fund was ordered to pay $7,462.00, representing 35% of the total award, subject to a credit of the amount awarded the claimant for his injuries in the 1961 accident.

The net result of this order was that the employer and insurer were to pay compensation for 52% permanent

partial disability under "Other Cases" and the Subsequent Injury Fund was to pay 28% permanent partial disability under "Other Cases", subject to the credit already mentioned. None of the parties appealed the order. The apportionment of the award between the employer and insurer and the Subsequent Injury Fund was pursuant to Md. Code (1964 Repl. Vol.), Art. 101, § 66 (1), which provides in pertinent part as follows:

"Whenever an employee who has a permanent impairment due to previous accident or disease or any congenital condition, which is or is likely to be a hindrance or obstacle to his employment, incurs subsequent disability by reason of a personal injury, for which compensation is required by this article resulting in permanent.partial or permanent total disability that is substantially greater by reason of the combined effects of the impairment and subsequent injury than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall be liable only for the compensation payable under this article for such injury. However, in addition to such compensation to which the employer or his insurance carrier is liable, and after the completion of payments therefor provided by this article, the employee shall be entitled to receive and shall be paid additional compensation from a special fund to be known as the 'Subsequent Injury Fund', created for such purpose, in the manner described hereafter in this section, it being the intent of this section to make the total payments to which such employee shall become entitled equal to the compensation that would be due for the combined effects of the impairment and subsequent injury resulting in permanent total disability or a substantially greater permanent partial disability."

On March 12, 1974, a hearing was held before the Workmen's Compensation Commission on the claimant's

timely Petition to Reopen for "Worsening of Condition" pursuant to Md. Code (1975 Cum. Supp.), Art. 101, § 40. Subsections (b) and (c) of Section 40 provide:

"(b) *Readjustment upon aggravation, etc. of disability.* — If aggravation, diminution or termination of disability takes place or is discovered after the rate of compensation shall have been established or compensation terminated in any case, the Commission may, upon the application of any party in interest or upon its own motion, readjust for future application the rate of compensation, or in a proper case, terminate the payments.

(c) *Modification or changes.* — The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; . . ."

The petition to reopen was granted and by its order dated May 9, 1974, the Commission found:

". . . on the issue presented that the claimant *is now permanently totally disabled as a result of his accidental injury of November 29, 1962,* [sic, see footnote 1], and is entitled to compensation benefits in the amount of $30,000.00 under the provisions of Section, 36, Subsection 1 of Article 101. Inasmuch as the claimant was awarded compensation benefits under the Order dated December 20, 1968 in the amount of $13,858.00 to be paid by the employer and insurer and $7,462.00. for the pre-existing condition, *the claimant is now entitled to $8,680.00 to be paid by the employer and insurer,* which is in addition to money previously awarded under the Order dated December 20, 1968." (Emphasis added)

---

1. Obviously a misprint, the true date being November 29, 1966.

On July 1, 1974, the employer and insurer appealed this decision of May 9, 1974, to the Superior Court of Baltimore City claiming, as they do before this Court, that the Commission erred as a matter of law in directing the employer to pay compensation on the basis of permanent total disability, rather than merely the compensation payable under "Other Cases" for an additional 20% disability. Prior to their appeal to the Superior Court of Baltimore City the employer and insurer had sought and obtained a rehearing before the Commission claiming the award was "incorrectly computed". The rehearing was held on May 24, 1974, at which the employer and insurer presumably advanced the same argument they made before the Superior Court and now advance in this Court. However, by its order of June 12, 1974, the Commission affirmed its order of May 9, 1974, requiring the employer and insurer to pay the $8,680.00, i.e., the entire difference between the total award for permanent total disability ($30,000.00) and the $21,320.00 previously awarded the claimant under its order of December 20, 1968.

The Superior Court of Baltimore City, after a hearing, granted a motion for summary judgment filed by the employer and insurer, and by order dated February 10, 1975, remanded the case to the Commission "to fix an award under 'Other Cases' ". It is from this order that the Subsequent Injury Fund has appealed to this Court, claiming the trial court erred in "overruling the decision of the Workmen's Compensation Commission regarding the applicable formula for payment of benefits by the Employer and Insurer and the Subsequent Injury Fund".

We are persuaded that the trial court was in error in granting appellees' motion for summary judgment.

The appellees do not question the finding by the Commission that the claimant was permanently and totally disabled as of March 12, 1974, the date of the hearing on the claimant's petition to reopen. The appellees' only complaint is that the Commission did not apportion the award for that disability, but, instead, required them to pay all of it, albeit with credit for what had already been paid by both appellees

and appellant pursuant to the original award of December 20, 1968. They claim the Commission wrongfully disregarded its 1968 finding that 35% of the claimant's 80% permanent partial disability was due to a pre-existing condition. In effect, they argue that since the Commission, in its order of May 9, 1974, did not specifically change its prior determination of a 28% pre-existing permanent partial disability,[2] this precluded a subsequent finding that the 1966 accident could *alone* result in permanent total disability for which they alone can be held responsible. They argue that when the case was reopened in 1974 this pre-existing disability was still present and the Commission "merely found that the injury sustained in the subsequent accident had worsened so that the claimant's industrial loss of use increased from 80% to 100%." From this premise they argue that the only additional responsibility that should have been imposed upon them by the order of May 9, 1974, was to pay compensation for 72% permanent partial disability under "Other Cases" as opposed to the 52% for permanent partial disability required of them by the 1968 order. They would then have the appellant pay the balance of the $30,000.00 award for permanent total disability.

We think the appellees argue from a false premise. In the context of the Workmen's Compensation Law, if one suffers injuries resulting in permanent partial disability of a member of his body or of his body as a whole, it does not necessarily follow that a subsequent injury cannot result in his total and permanent disability without attributing that result to the prior injuries to any substantial degree or to any extent at all. Many examples come to mind. One will suffice: One is 50% permanently and partially disabled because of a back injury. In a subsequent accident he loses both legs. Could it be denied that the subsequent injury alone resulted in permanent total disability? We think not.

The instant case is, of course, not as clear cut, but the principle is the same. Here, in 1968 the Commission determined that the claimant was 80% permanently

---

2. 35% of 80% industrial loss of use of his body.

partially disabled. 35% of that disability was attributed to the 1961 accident. In its 1974 order the Commission found the claimant's disability to be permanent and total. As already stated there is no dispute as to the correctness of that finding. The Commission also found that the permanent total disability was *as a result of his accidental injury of November 29, 196[6]*". The 1974 order, unlike the 1968 order, did not attribute any portion of the permanent total disability to the first accident in 1961.

We agree with the appellant that the Commission, when rendering its award of May 9, 1974, was not bound by its former findings of December 20, 1968. Section 40 (c) of Article 101 clearly gave the Commission power to "make such modifications or changes with respect to" its former findings "as in its opinion" were justified. See *Union Mining Co. v. Del Signora*, 191 Md. 55 (1972).

In *Reliance Insurance Company v. Watts, supra*, Judge Powers, speaking for this Court, said, at p. 75:

> "We hold that 'the compensation payable [by the employer] under this article for such injury', referring to a subsequent injury which calls for the application of § 66 (1), must be determined upon the assumption that the employee had no pre-existing 'permanent impairment due to previous accident or disease or any congenital condition, which is or is likely to be a hindrance or obstacle to his employment'."

Evidence before the Commission at the hearing on March 12, 1974, supported the Commission's finding that the claimant's permanent total disability at that time was attributable to injuries sustained in the 1968 accident. Moreover, as pointed out by Judge Powers in *Reliance, supra*, at p. 73:

> ". . . [T]he only explicit authority to apportion under § 66 (1) arises when the subsequent injury results in death."

> \* \* \*

> ". . . The declared legislative policy that 'the

employer or his insurance carrier shall be liable only for the compensation payable under this article for such injury' does not open the door to apportionment as the commission and the court below applied it, but requires the precise determination of the compensation payable for the current injury. Such determination is the only authority to apportion which is implied in § 66 (1)."

We think it clear, particularly in view of its affirmation order of June 12, 1974, after a rehearing on May 24, 1974, that the Commission intended to and did in fact make a "precise determination of the compensation payable [by the employer] for the current injury".

In *Congoleum Nairn, Inc. v. Brown*, 158 Md. 285 (1929) the Court of Appeals for the first time had before it the question of "whether a present injury, which would on a whole man entail only a partial [permanent] disability, is, when it deprives an impaired man of all his remnant of capacity, to be compensated under the statute as one entailing total disability". The Court held, at p. 291:

"After weighing the arguments on both sides, this court adopts the construction that the consequences to the particular workman determine the degree of disability, so that if *an injury* deprives him of all the capacity he has left after a previous accident, that result might be classed as total disability *from the injury.*" (Emphasis added)

*Congoleum Nairn, Inc.* was not concerned with the question of apportionment and we refer to it only as authority for the proposition that a previous accident resulting in permanent partial disability (as was the case in *Congoleum Nairn, Inc.*) does not preclude the Commission from finding that permanent total disability may be attributed solely to a "current injury".

It should also be noted that § 66 (1) relieves the employer of responsibility for payment of an entire award for permanent partial or permanent total disability only when

such *partial or permanent* disability found to exist is
"*substantially greater*" by reason of the combined effects of
. . . [a permanent] impairment [due to previous accident or
disease or any congenital condition] and subsequent injury
than that which would have resulted from the subsequent
injury alone". (Emphasis added) Thus, it is clear that under
§ 66 (1) not every case requires apportionment between an
employer and the Subsequent Injury Fund where a claimant
is found to be permanently totally disabled as a result of the
combined effect of a prior and subsequent injury. The
employer is relieved of some part of the entire award only
when the prior permanent disability *substantially*
contributes to the permanent total disability found to exist
after a subsequent injury. Put another way, where a
claimant is found to be permanently totally disabled after a
current injury, the extent of that disability attributed to the
current injury must be substantially less than total before
any part of an award for that disability may be assessed
against the Subsequent Injury Fund.

The term "substantially greater" is not defined in our
Workmen's Compensation Law. It is a subjective phrase
reposing in the Commission wide discretion to determine
when it applies to a particular case. The Commission's
determination of the matter is presumptively correct and
the burden is upon the party attacking it to prove otherwise.
*Ackerhalt v. Hanline Bros.*, 253 Md. 13 (1969); *Abell v.
Albert F. Goetze, Inc.*, 245 Md. 433 (1967); *Dent v. Cahill*, 18
Md. App. 117 (1973).

In the instant case, the Commission's finding on May 9,
1974, that the claimant's disability was "as a result of his
accidental injury of November 29, 196[6]" fixed the liability
of the employer and insurer. The Commission's refusal to
apportion the award by remaining silent on the question
amounted to an "implicit decision" [3] that the claimant's
permanent total disability was *not* substantially greater by
reason of the combined effects of his previous impairment

---

3. See *Trojan Boat Co. v. Bolton*, 11 Md. App. 665, 671 (1971) where this
Court held that "an implicit decision by the Commission is one that, in the
logical process of disposing of the proceeding, the Commission encountered
and solved, although without explicit mention of it in the record".

and his subsequent injury than that which would have resulted from the subsequent injury alone. The employer and insurer, of course, had a right to appeal the Commission's order of May 9, 1974, as affirmed by its order of June 12, 1974. Their motion for summary judgment relied on the evidence before the Commission. This evidence, as already stated, supported the Commission's findings and order of May 9, 1974. No additional evidence in the form of affidavits or otherwise was before the trial judge when he granted the motion. The evidence did not warrant a holding that the employer and insurer were entitled to judgment as a matter of law. The motion was therefore granted in error. Md. Rule 610 d.

The judgment granting the motion will be reversed and the case remanded for trial on the issues presented in the appeal from the Commission. It would seem that the issues could be reduced to three:

1) Does the claimant have a permanent impairment due to his accidental injury of February 4, 1961, which is or is likely to be a hindrance or obstacle to his employment?

2) Is the claimant's permanent total disability substantially greater by reason of the combined effects of the prior impairment and the injuries sustained in the November 29, 1966 accident than that which would have resulted from the subsequent injury alone?

If the court or jury answers "no" to the first issue, the Commission's order should be affirmed. If the answer to the first issue is "yes" and the answer to the second issue is "no", the Commission's Order should likewise be affirmed. If the answer to the first two issues is "yes" the third issue should be answered: [4]

4. It might be argued that if the answer to the first two issues is "yes" the case should be remanded to the Commission to determine issue No. 3 since it was not originally decided by the Commission. However, although the issue was not specifically decided by the Commission, it was not thereby rendered moot and unraisable on appeal, but rather so inextricably concerned with issue No. 2 as to come within the definition of an implicit

3) What is the percentage of permanent total disability attributed to:

    a) The accident of February 4, 1961?

          and

    b) The accident of November 29, 1966?

We recognize that the second issue suggested by us implies that there are degrees of permanent total disability. To say that a claimant may have a "greater" total permanent disability from the combined effects of two accidents than from one accident seems somewhat illogical. This possibility, however, is consistent with § 66 (1) which, as we have seen, provides that "whenever an employee who has a permanent impairment . . . incurs subsequent disability . . . resulting in . . . *permanent total disability that is substantially greater* by reason of the combined effects of the impairment and subsequent injury than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall be liable only for the compensation payable under this article for such injury." Moreover, as the Court of Appeals said (in a different context) in *Bata Shoe Co., et al. v. Chvojan,* 188 Md. 153, at 159: "The Compensation Law fails to meet the test of logical consistency in many respects. It could hardly be otherwise, for the original Act was not constructed on any system of scientific classification and subsequent amendments have been directed chiefly toward modification of particular details. It is our duty to construe the Act, not to revise it".

> *Order granting summary judgment reversed; case remanded for further proceedings; costs to be paid by appellees.*

decision by the Commission "encountered and solved, although without explicit mention of it in the record". See Pressman's *Workmen's Compensation in Maryland* (1970) and 1972 Supplement thereto, § 4-9 (13). Cf. *Trojan Boat Co. v. Bolton, supra.*