## KEVIN M. TROTTA *v.* COUNTY CAR CENTER, INCORPORATED ET AL.

[No. 77, September Term, 1981.]

*Decided February 23, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*John N. Spector* for appellant.

*Herbert Burgunder, Jr.,* with whom were *Dickerson, Nice, Sokol & Horn* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

Because we believe the nearsightedness or myopia of the injured workman in this case did not combine with the disability for which claim was made to create a greater disability on the part of the workman so as to require apportionment under Code (1957, 1964 Repl. Vol., 1978 Cum. Supp.) Art. 101, § 36 (7), we shall reverse the judgment of the Court of Special Appeals in an unreported opinion which relied upon *Blanding v. J. H. Andrews & Sons,* 36 Md. App. 14, 373 A.2d 19 (1977).

Kevin M. Trotta was injured on November 1, 1978, during the course of his employment. An electrical fuse struck his left eye, resulting in a detached retina. His vision was reduced to 20/400, uncorrected. The parties stipulated that under our statute this normally would entitle him to compensation for 100% loss of vision to that eye. It is further stipulated that had his eyesight been perfect prior to the accident, the injury he sustained would have caused 100% loss of use of that eye.

The problem here arises under § 36 (7) which states in pertinent part:

"Whenever it shall appear that any permanent disability from which an employee is suffering following an accidental injury, is due in part to such injury, and in part to a preexisting disease or

infirmity, the Commission shall determine the proportion of such disability which is reasonably attributable to the injury and the proportion thereof which is reasonably attributable to the preexisting disease or infirmity, and such employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident and shall not be entitled to compensation for that proportion of his disability which is reasonably attributable to the preexisting disease or infirmity."

The Workmen's Compensation Commission awarded Trotta 100% disability. The employer appealed to the Superior Court of Baltimore City. The employer there contended that since Trotta's myopia resulted in a 15% loss of vision, the most to which he could be entitled by way of an award was 85%. The trial judge regarded himself bound by *Blanding* and reversed. The Court of Special Appeals affirmed upon the strength of *Blanding.* We granted the writ of certiorari in order that we might address the matter. We are by no means certain that the Court of Special Appeals has correctly applied the decision in *Blanding,* but if it did, *Blanding* obviously would in no way be binding upon us.

There are certain principles to be borne in mind as we address the issue here. First of all, although statutes in derogation of the common law generally are to be strictly construed, Art. 101, § 63 specifically provides that this rule shall not be applicable to cases arising under Art. 101. Secondly, as provided in § 56 (c), "In all court proceedings under or pursuant to [Art. 101], the decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same." Thus, as Judge Digges stated for the Court in *Frank v. Baltimore County,* 284 Md. 655, 658, 399 A.2d 250 (1979), a court should reverse a Commission ruling "only upon a finding that its action was based upon an erroneous construction of the law or facts . . . ." Finally, as Judge Davidson pointed out for the Court in *Queen v. Agger,* 287 Md. 342, 343, 412 A.2d 733 (1980), the

Act "is designed to provide workers with compensation for loss of earning capacity resulting from accidental injury, disease or death arising out of and in the course of employment . . . ." Accordingly, as the Court said in *Howard Co. Ass'n, Retard. Cit. v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980), "[T]he Workmen's Compensation Act should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant."

The section of the Workmen's Compensation Act with which we are here concerned was not a part of the original act as enacted in 1914. This provision came in by Ch. 363 of the Acts of 1931. In *Cabell Con. Blk. Co. v. Yarborough,* 192 Md. 360, 64 A.2d 292 (1949), Judge Delaplaine said for the Court:

> "In March 1931, the Commission appointed by Governor Ritchie to make recommendations for legislation to correct any defects in the Workmen's Compensation Act recommended that statutory provision be made for excluding from compensation coverage 'that portion of disability due to a combination of disease and accident which cannot be attributed solely to the accident.' Various recommendations of the Commission were adopted by the Legislature by the passage of an Act re-enacting the section entitled 'Claims and Compensation; Benefits.'" 192 Md. at 367-68.

He then went on to refer for the Court to the adoption of this particular section. Our cases suggest that this change may have been inspired by the decisions of this Court in *Congoleum Nairn v. Brown,* 158 Md. 285, 148 A. 220 (1930), and *Dickson etc. Co. v. Beasley,* 146 Md. 568, 126 A. 907 (1924). See, *e.g., Bethlehem Steel Co. v. Munday,* 212 Md. 214, 221, 129 A.2d 162 (1957); *Bethlehem Steel Co. v. Ruff,* 203 Md. 387, 393, 101 A.2d 218 (1953); and *Bata Shoe Co. v. Chvojan,* 188 Md. 153, 157, 52 A.2d 105 (1947).

In *Munday* Judge Prescott said for the Court:

> "This Court held in *Cabell Con. Blk. Co. v. Yarborough,* 192 Md. 360, 64 A.2d 292, that the apportionment section was applicable so as to require the determination of whether a pre-existing disease or infirmity, which prior to the accidental injury was not disabling to the extent of losing time from work, had caused or contributed to the disability that followed the accident; and, in the case of *Bethlehem Steel Co. v. Ruff,* 203 Md. 387, 101 A.2d 218, this Court held that the same section was applicable if the disability due to the pre-existing disease or infirmity combined with the injury from the accident, and resulted in a greater disability than would be true if the pre-existing condition had not existed. We affirm these decisions and hold that the above is still the law." 212 Md. at 221-22.

Virtually the same statement was made for the Court by Judge Marbury in *Bosley v. Jackson,* 250 Md. 401, 405, 243 A.2d 513 (1968). In that case we held that because there was uncontradicted medical testimony that the claimant had a preexisting disease or infirmity that caused or contributed to his injury, the apportionment provision was applicable. In *Yarborough,* 192 Md. 360, Judge Delaplaine said for the Court:

> "The . . . Court . . . accepts the view . . . that, although there was no history of any pre-existing disease or infirmity, Dr. Bagley was of the opinion that elevation of blood pressure may have been one of the causes that precipitated the hemorrhage [for which claim was made], and therefore there was sufficient evidence before the Commission to give it the opportunity to make an apportionment." 192 Md. at 371.

Thus, what comes from our cases on the subject is that for

there to be an apportionment, the preexisting disease or infirmity must have combined with the disability for which claim is being made to create a greater disability on the part of the workman than would have occurred without the effect of the preexisting condition. Professor Larson takes basically the same view. *See* 2 A. Larson, *The Law of Workmen's Compensation* § 59.22, at 10-365 to -385 (1981). In *Blanding* Judge Powers said for the court, "Apportionment under § 36 (7) is available whenever it is shown that the present permanent disability is due in part to a preexisting disease or infirmity." 36 Md. App. at 25. Indeed, this is precisely what the statute requires. By its terms, in order to come into use there must be "permanent disability . . . following an accidental injury [which] is due in part to such injury, and in part to a preexisting disease or infirmity . . . ." Art. 101, § 36 (7).

Trotta's myopia contributed in no way to the disability he suffered. It in no way flows from his myopia. In the words of the statute, his vision of 20/400 is "reasonably attributable solely to the accident . . . ." Accordingly, under our reading of the statute and based upon our prior holdings, Trotta is entitled to the 100% disability for loss of sight in the eye.

> *Judgment of the Court of Special Appeals reversed and case remanded to that Court for passage of an order reversing the order of the Superior Court of Baltimore City and further remand to that Court for the passage of an order affirming the award of the Workmen's Compensation Commission; appellees to pay the costs.*